OPINION OF THE COURT
Joseph G. Fritsch, J.
The petitioner in this proceeding, the Auburn Housing Authority, hereinafter referred to as AHA, is before me by notice of motion for reapplication which, by the pleading form, is combined with an answer in a proceeding in which the AHA is a respondent and which proceeding I have decided by decision dated of even date herewith. The notice of motion for reapplication relates to a prior proceeding entitled Auburn Housing Auth. v State of New York Dept. of Social Servs. (Supreme Ct, Cayuga County, Index No. 80-8232). The AHA on this motion for reapplication seeks a judgment of mandamus pursuant to CPLR article 78 requiring the respondent State Department of Social Services to rescind the current rent ceilings imposed upon the petitioner and requiring the State Department of Social *232 Services to amend those rent ceilings to conform to the rent schedule established by petitioner, AHA, effective April 1, 1980, on the ground that the discretion exercised by the Commissioner of New York State Department of Social Services was abusive, arbitrary and capricious.
The State respondents oppose this motion on the ground that the prior proceeding entitled Auburn Housing Auth. v State of New York Dept. of Social Servs. (supra) terminated in a judgment predicated on a decision of the Honorable Peter E. Corning, Acting Supreme Court Justice, dated January 28, 1981, declaring that the petition therein be dismissed for deficiency in pleading without prejudice, and on the further ground that such judgment has not been appealed and is, therefore, res judicata. The State respondents further contend that the procedure here used by way of motion for reapplication is unauthorized by the CPLR and is defective in other respects, such as having no return date and that, therefore, this court lacks personal jurisdiction over the State and the local Department of Social Services as well as the Director of the Division of the Budget, who is a necessary party but not named as a party. The respondents move the court to treat the purported notice of motion as a nullity, to deny it and to dismiss the petition.
The motion for reapplication herein made by the AHA is defective on procedural grounds and should be dismissed as a matter of law. Procedurally there is no way to resurrect the prior proceeding in the context of the present other litigation to which the AHA, as respondent, has answered, joining said answer with this motion. The prior petition was dismissed pursuant to a judgment duly entered and served, and the remedy available to the AHA was, by way of appeal, a motion for renewal or reargument or a new proceeding properly served on the necessary respondents. The judgment entered on Acting Supreme Court Justice Corning’s decision, dated January 28, 1981, is res judicata and determinative as a matter of law of this motion. However, in view of my decision of even date herewith in the companion other article 78 proceeding entitled Matter of O’Connor v Tripiciano (Supreme Ct, Cayuga County), I will proceed to the issues raised in the underlying petition *233 of the AHA as though it were properly and legally before me.
The petitioner AHA and the respondent the New York State Commissioner of Housing and Community Renewal are two of the signatories to the Consolidated Contract for Loan and Subsidy, NYS-49 (82), dated March 9,1964. This contract does not make the State of New York a guarantor as to any losses incurred by the AHA. The AHA assumed the risk of the possible operating losses when it entered into the field of public housing projects, and it is regrettable that the current rate of inflation, that plagues all of us now, was not foreseen.
The State of New York, pursuant to 9 NYCRR 1627-2.6 (c) (5) has authority to determine rents paid by households receiving monetary welfare assistance according to a schedule contained therein except when a modified schedule is approved by New York State Department of Social Services and, here, by the Division for New York State Division of Housing and Community Renewal. Pursuant to this regulation the Auburn Housing Authority applied for a modification and the New York State Department of Social Services did not approve it in toto as requested.
The Department of Social Services pursuant to section 131-a of the Social Services Law is authorized to promulgate the regulations pertaining to monthly grants and allowances of public assistance including those for shelter and in accordance with the provisions of 18 NYCRR 352.3 the State Department of Social Services has established rent levels in public housing authorities pursuant to its authority under said section 131-a of the Social Services Law. In this proceeding the Auburn Housing Authority is challenging the State’s respondents’ refusal to grant an exception to these rent levels, over and above the maximum levels established for private-sector housing. The challenge of Auburn Housing Authority is not as to the methodology or rent level but that it was arbitrary and capricious for State Social Services Commissioner Blum not to approve the rent levels for public housing higher than those set for housing in the private sector because of the operating deficit experienced by the Auburn Housing Authority.
*234 Currently, the shelter allowances, as established by the Department of Social Services, are set out at 18 NYCRR 352.3 (a) and 352.3 (d). Section 352.3 (a) establishes the maximum monthly shelter allowance for all social services districts in the State. These allowances are applicable to recipients residing in privately owned housing, and may not accurately indicate the amount a public assistance household expends on rent, as the schedule only establishes a maximum that can be paid by the district. Section 352.3 (d) establishes the rental rates for recipients residing in public housing. Unlike the private housing schedule, the amounts set out at 18 NYCRR 352.3 (d) are actual payments, not máximums.
The rationale for the establishment of different schedules for private and public housing is clear. Public housing, such as that furnished by the petitioner herein, is not intended to return any gain or profit from the capital invested; therefore, the costs of providing it are less than those for similar private housing. Furthermore, public housing is heavily subsidized by the Federal, State and local governments, which further reduces the amount of operating expenses, and almost most public housing rental schedules are based upon the tenant’s ability to pay. No exceptions are allowed where the public housing rent schedule is higher than the private schedule.
The rent payments for public housing authorized by 18 NYCRR 352.3 (d) are not actually utilized by all social services districts in the State, since some public housing authorities in the State have received upward adjustments by way of a modified allowance of the established rates through the very administrative procedure which the Auburn Housing Authority pursued after its resolution of November 5, 1979. This procedure was last used by the petitioner to obtain higher rates on February 8, 1980 resulting in a modified schedule being published on August 4, 1980 which schedule is currently in effect.
The State Department of Social Services did approve the application of Auburn Housing Authority effective April 1, 1980, as approved by the Division of Budget, albeit, not in the full amount as requested. It did not approve the application as requested because the public welfare schedule for *235 Auburn could in no case exceed the Cayuga County public assistance rent maximum with heat for private dwellings.
The State Department of Social Services acted on the application of Auburn Housing Authority and made a judgment on a rational basis properly within its discretion. (See Matter of O'Connor v Tripiciano, Supreme Ct, Cayuga County, supra.)
The petition of Auburn Housing Authority is dismissed.